** INDEBTEDNESS EXCEEDING INCOME AND REVENUE MUST BE APPROVED BY VOTE OF PEOPLE OF THE COUNTY ** County Commissioners do not have constitutional or statutory authority to subject the county to an indebtedness exceeding the income and revenue provided for in any one year under the provisions of 19 O.S. 381 [19-381] (1970), and Article X, Section 26, unless and until the incurring of such indebtedness is approved by a vote of legally qualified voters of the county. The Attorney General has received your recent letter in which you set out the following fact situation: "The unexpired balance in the General Government R-3 Account of Creek County on June 30, 1967 was $27,821.93. The amount approved by the Excise Board for that account for the year 1968-1969 was $178,612.82. The amount lapsed and known to be unencumbered on June 30, 1968 was $178,612.82 which added to the year 1969-1970 appropriation totaled $286,922.37. The amount lapsed and known to be unencumbered as of June 30, 1969 was $200,067.01. The present balance in this account is $196,062.15. "On the 5th of August, 1969 the voters of Creek County voted on a proposition whether to issue negotiable coupon bonds in the sum of $1,250,000.00 for the purpose of 'providing funds for the purpose of acquiring site and erection, equipping and furnishing a courthouse and jail.' The voters voted against this proposition. "Thereafter the Board of County Commissioners, feeling the need for adequate space, considered a '5 year program' to effect general remodeling of the existing courthouse and the erection of a 'Creek County Courthouse Annex Jail Facilities.' The proposed jail will cost an estimated sum of approximately $150,000.00 and will be — on the ground owned by the County to the rear of the existing courthouse. "The Board at a regular meeting approved a resolution authorizing employment of architects and engineers to prepare plans and specifications for the remodeling program including the additional new construction of the jail to complete the entire program. The Commissioners plan to budget and apply past 'surplus funds' now part of the General Revenue Fund, and the projected future year's surplus to pay for the fees of the architects and engineers. The Board also plans annually to budget for and to pay for all the construction work completed in that year. The Board has advertised for bids 'for the construction of Creek County Courthouse Annex Jail Facilities.' There has been no vote of the people at any special or regular election, other than the aforesaid election of August 5, 1969, pertaining to the outlay of money for the construction of the jail building." In regard to this fact situation you inquire, in substance, as follows: "Does the proposed construction project for the new jail require the question to be submitted to popular vote as provided by 19 O.S. 381 [19-381] (1965) and other Constitutional and Statutory provisions?" 19 O.S. 381 [19-381] (1965) provides, is part, as follows: "Questions to be submitted to popular vote "They County Commissioners shall submit to the people of the county at any regular or special election and question involving any extraordinary outlay of money by the county or any expenditures greater in amount that can be provided for by the annual tax, or whether the county will construct any courthouse, jail, or other public buildings, or aid or construct any road or bridge, and may aid any enterprise designed for the county, whenever a majority of the people thereof shall authorize the same as hereinafter provided. Other Statutory and Constitutional provisions which have a bearing upon the question asked by you include Article X, Section 26 which provides, in part, as follows: "26. Indebtedness of political subdivisions — Assent of voters — Limitation of amount — Annual tax — Except as herein otherwise provided, no county, city, town, township, school district, or other political corporation, or subdivision of the State, shall be allowed to become indebted, in any manner, or for any purpose, to an amount exceeding, in any year, the income and revenue provided for such year, without the assent of three-fifths of the voters thereof, voting at an election, to be held for that purpose, . . ." And 19 O.S. 731 [19-731] which provides, in part, as follows: " 731. Tax levy to provide for buildings — Vote "The board of county commissioners is authorized to provide for the construction or repairing of courthouses, jails or other necessary buildings, and make contracts on behalf of the county for building or repairing the same, and for the purpose of providing a fund for the payment of the cost of the same such board of county commissioners is hereby authorized and empowered to provide for the levy of a tax and to continue such provision from year to year for a period not exceeding five years: Provided, that such levy for such purpose, together with the levies for all other purposes shall not exceed the amount authorized by law: Provided, Further, that the money, raised by such levy, shall constitute a separate and distinct fund from all others in the hands of the county treasurer until the obligation assumed by the board of county commissioners under authority of this section shall have been discharged. And Provided, Further, that no levy of taxes for the purposes of this section shall be made until after a majority of the legally qualified voters of said county, voting upon said proposition, shall have voted in favor of the expenditures whose payment is to be provided for by said levy or levies of taxes, at a general election at which said proposition shall be submitted, or at a special election called for the purpose of voting upon said proposition. . . ." You can see that 19 O.S. 731 [19-731] provides for an alternate plan of financing which is not available under 19 O.S. 381 [19-381] (1965) and Article X, Section 26 . However, 731 of Title 19 still requires that the proposition be submitted to the legally qualified voters at a general or special election. In the case of Brown v. State Election Board, 369 P.2d 140 (Okla., 1962), the Court stated in the body of its opinion: "Public officers have only such authority as is conferred upon them by law, and such authority must be exercised in the manner prescribed by law." The proposed construction project for the County Courthouse and Jail, as outlined in your letter, is not authorized under the provisions of 19 O. S. 731 because the funds you presently have on hand do not "constitute a separate and distinct fund from all others in the hands of the county treasurer . . ." and were not raised by a levy of a tax voted upon and approved by the legally qualified voters of the county for that specific purpose. Also, the, proposed construction project for the County Courthouse and Jail, as outlined by your letter, is not authorized under the provisions of 19 O.S. 381 [19-381] (1965), and Article X, Section 26, because it (1) subjects the County to an indebtedness exceeding the income and revenue provided for in any one year in that it provides for the payment of the fees of architects and engineers from "the projected future year's surplus", and (2) it provides for an extraordinary outlay of money by the County, and for the construction of a "courthouse, jail, or other public building", without the same being approved by a vote of the legally qualified voters of the County. It is therefore the opinion of the Attorney General that the County Commissioners do not have the Constitutional or Statutory authority to put into effect the plan as outlined in your letter unless the same is submitted to a vote of the legally qualified voters of the County at a regular or special election and approved by them. (Odie A. Nance) ** SEE: OPINION NO. 80-246 (1980) **